UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL L. EVANS,

        Plaintiff,

v.                                                      Case No. 17-cv-983-pp

DR. JOSEPH,
JEAN LUTSEY,
S. PETERS, and
WARDEN SCOTT ECKSTEIN,

        Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), GRANTING *NUNC PRO TUNC* THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PAY THE FILING FEE (DKT. NO. 8) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, has filed a complaint alleging that the defendants violated his constitutional rights when they were deliberately indifferent to his serious medical needs. Dkt. No. 1. In addition to filing a complaint, he has filed a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and a motion for an extension of time to pay that fee, dkt. no. 8. This order screens the complaint and resolves the plaintiff's motions.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with

his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On July 19, 2017, the court ordered that by August 9, 2017, the plaintiff had to pay an initial partial filing fee of $11.75. Dkt. No. 5. The plaintiff filed a motion asking for an extension of that deadline. Dkt. No. 8. On August 11, 2017, however—two days after he'd filed the motion for an extension of time—the court received the initial partial filing fee. The court will grant the plaintiff's motion for an extension of time *nunc pro tunc* (retroactively), and will grant his motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

## II. Screening the Plaintiff's Complaint

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed on a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.   The Plaintiff's Allegations

The plaintiff is an inmate at Green Bay Correctional Institution ("GBCI"). Dkt. No. 1 at 1. He explained in the complaint that he suffers from constant, excruciating pain. Id. at 2. He alleges that in March 2016, after a series of tests, Dr. Sauvey (who is not a defendant) diagnosed him with degenerative disc disease. Id. In July or August 2016, she ordered surgery—a procedure consisting of cutting the nerve in the plaintiff's neck as a way of relieving pain. Id.

According to the plaintiff, defendant Jean Lutsey, the Health Services Manager at GBCI, overrode Sauvey's recommendation for the surgical procedure, and ordered "advance pain therapy" instead. Id. In October 2016, the plaintiff received an injection in his neck, physical therapy and over-the-

3

counter medication. Id. at 2-3. The plaintiff asserts that these measures only left him in "agonizing pain." Id. at 3.

The plaintiff states that he continued to complain about his pain. Id. In March 2017, defendant Dr. Joseph (who replaced Dr. Sauvey) examined the plaintiff. Id. The plaintiff explains that he told Dr. Joseph that he was in pain and was losing feeling in his neck and in the left side of his body. Id. According to the plaintiff, Dr. Joseph scheduled an off-site advanced pain therapy appointment, which the plaintiff states was a waste of time and money. Id.

The plaintiff asserts that he did not receive any injections or treatment of any kind in early April 2017. Id. At the end of April, Dr. Joseph rescheduled the plaintiff for advance pain therapy. Id.

In May and June 2017, the plaintiff filed an inmate complaint and a health service request to see a doctor for on-going pain. Id. On June 14, 2017, defendant nurse practitioner S. Peters examined the plaintiff, and told him to keep taking over-the-counter medication for the pain, which the plaintiff characterizes as absurd given the amount and duration of his pain. Id.

At the end of June, the plaintiff went offsite for advance pain therapy. Id. The plaintiff states that he received injections, but no treatment for his pain. Id. at 4. The plaintiff states that he has been in excruciating pain for more than two years. Id.

The plaintiff has requested money damages, and an order from the court requiring the defendants to provide him with adequate medical treatment. Id. at 5.

B.  The Court's Analysis

The plaintiff has named four defendants—Dr. Joseph, HSU manager Jean Lutsey, nurse practitioner S. Peters, and the Warden of GBCI, Scott Eckstein.

1.  *Scott Eckstein*

The only place in the complaint where the plaintiff mentions defendant Scott Eckstein is on the title page. The plaintiff does not allege that Eckstein had any part in his medical care. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability or vicarious liability under 42 U.S.C. §1983.  See Pacelli v. deVito, 972 F.2d 871, 878 (7th Cir. 1992). In other words, Eckstein cannot be held liable for violating the plaintiff's rights based solely on the fact that he is the warden of the institution. To be liable, he must have been personally involved in the violation of the plaintiff's rights. Because the plaintiff has not alleged that Eckstein was personally involved in the violation of his rights, the court will dismiss Eckstein as a defendant.

2.  *Dr. Joseph, Jean Lutsey and S. Peters*

The plaintiff states in the complaint that these three defendants were deliberately indifferent to his medical needs.

The Eighth Amendment protects inmates from "a lack of medical care that 'may result in pain and suffering which no one suggests would serve any

5

penological purpose.'" Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) and Estelle v. Gamble, 429 U.S. 97, 103 (1976)). A prison staff member violates the Eighth Amendment if he or she is "deliberately indifferent to prisoners' serious medical needs." Id. (quoting Estelle, 429 U.S. at 104)). A prisoner who is asserting deliberate indifference, or deficient medical care, must show two things: "1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." Id. (citing Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006)). "Deliberate indifference" is subjective—"a plaintiff must show that the defendant 'acted with a sufficiently culpable state of mind,' something akin to recklessness." Id. at 751 (quoting Johnson, 444 F.3d at 585)). A prison official has that culpable state of mind when he or she "knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." Id. (citing Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)). The prisoner does not need to prove that the prison official intended or tried to cause whatever harm occurred, or that the prison official deliberately ignored him. Id. (citations omitted).

  The plaintiff has alleged that he has been diagnosed with degenerative disc disease, and that it has caused him excruciating pain over an extended period. The plaintiff has alleged sufficient facts for the court to conclude at this stage that he suffers from an objectively serious medical condition.

  With regard to Lutsey, the plaintiff alleges that she did not follow Dr. Sauvey's direction to allow the plaintiff the surgical procedure that would

6

relieve his pain. At this early stage, the court concludes that this allegation is sufficient to allow the plaintiff to proceed on a deliberate indifference claim against Lutsey.

As to Joseph, the plaintiff alleges that he told Joseph more than once that he was in extreme pain. Joseph prescribed pain therapy on two occasions, but the plaintiff says that these sessions did no good. It is not clear whether the plaintiff told Joseph that the pain therapy was not working. And the Seventh Circuit has held that a plaintiff must show more than "mere evidence of malpractice to prove deliberate indifference." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (citing Estelle, 429 U.S. at 106). At this early stage, however, the court will allow the plaintiff to proceed on a deliberate indifference claim against Dr. Joseph.

Finally, the plaintiff says that he saw Peters, and that he or she insisted on giving him over-the-counter medication. Again, it is not clear whether the plaintiff told Peters about his pain levels, or told Peters that the over-the-counter medication did not work. But given the stage of the case, the court will allow the plaintiff to proceed on a deliberate indifference claim against Peters.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court further **GRANTS** *nunc pro tunc* the plaintiff's motion for an extension of time to pay the filing fee. Dkt. No. 8.

The court **DISMISSES** defendant Scott Eckstein.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Joseph, Lutsey and Peters.

Under the informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendants Joseph, Lutsey and Peters to answer or otherwise respond to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $338.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the name and case number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining account balance, to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he must submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he does not file documents or take other court-ordered actions by the deadlines the court sets, the court may dismiss his case for failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 27th day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.