UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL L. EVANS,

                Plaintiff,

v.                                                    Case No. 17-cv-983-pp

MANUEL JOSEPH, *et al.*,

                Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (DKT. NO. 33) AND GRANTING DEFENDANTS' MOTION TO STAY THE DISPOSITIVE MOTION DEADLINE (DKT. NO. 38)**

---

The plaintiff filed a motion asking the court to extend the discovery and dispositive motion deadlines. Dkt. No. 33. The plaintiff explains that he recently received interrogatories from the defendants, that he is unable to afford an attorney, that his access to the library is limited, and that he is not receiving legal help from other prisoners. Id.

On the same day it received the plaintiff's motion for an extension of time, defendants Manuel Joseph and Jean Lutsey filed a motion for partial summary judgment on exhaustion grounds. Dkt. No. 34. The motion sought dismissal of the plaintiff's claims against Lutsey only. Id. On October 31, 2018, defendant Susan Peters filed a separate motion for summary judgment on exhaustion grounds. Dkt. No. 39. Finally, a couple of days before Peters' motion, Joseph and Lutsey filed a motion asking to extend the dispositive motion deadline to February 26, 2019, to give the court adequate time to rule on their motion for partial summary judgment. Dkt. No. 38. They explained

that it would be a waste of the parties' and the court's time and resources to litigate the plaintiff's claims on the merits if the court ultimately grants their motion for partial summary judgment on exhaustion grounds. Id.

The court agrees with Joseph and Lutsey that the most efficient use of resources is to vacate the dispositive motion deadline until the court rules on their and Peters' motions for summary judgment on exhaustion grounds. The court will grant their motion. Joseph's and Lutsey's summary judgment materials were due November 5, 2018; however, the court will extend that deadline to **December 3, 2018**, to coincide with the date his materials in response to Peters's motion are due.

As a reminder, the plaintiff must respond to each of the defendants' proposed facts (by agreeing with the proposed fact or explaining why he disagrees with the proposed fact; if the plaintiff does not indicate one way or the other, the court will assume that he agrees with the proposed fact), and he must respond to the legal arguments in the defendants' briefs. The plaintiff must support his facts or his disagreement with the defendants' facts with evidence. He can do that by relying on documents in his possession or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746[1]. An unsworn declaration is a way for the plaintiff to tell his side of the story while declaring to the court that everything he has written down is true and correct.

---

[1] At the bottom of her declaration she should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

The court **DENIES as moot** the plaintiff's motion for an extension of the discovery and dispositive motion deadlines. Dkt. No. 33.

The court **GRANTS** defendants Joseph's and Lutsey's motion to stay the dispositive motion deadline. Dkt. No. 38. The court **VACATES** the current dispositive motion deadline of November 26, 2018. The court will set new discovery and dispositive motion deadlines after it rules on the motions for summary judgment on exhaustion grounds.

The court **EXTENDS** the plaintiff's deadline to file his materials in response to Joseph's and Lutsey's motion for summary judgment to **December 3, 2018** (the same day his response to defendant Peters's motion for summary judgment is due). If the plaintiff fails to respond to the motions for summary judgment on exhaustion grounds by **December 3, 2018** (or fails to explain why he is unable to do so), the court will conclude that he no longer wishes to purse his claims against the defendants, and it will dismiss them as defendants based on his failure to diligently prosecute his case. See Civil L.R. 41(c).

Dated in Milwaukee, Wisconsin, this 19th day of November, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**